**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KIASIA BURRELL, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**LORI'S GIFTS, INC.,**<br><br>**Defendant.** | Civil Action No.:<br>25- CV-9766<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Kiasia Burrell ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. This action arises out of Lori's Gifts, Inc. ("Defendant"), failure to comply with the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law").

2. This lawsuit seeks to recover damages for Plaintiff and similarly situated non-exempt hourly positions (collectively, "Retail Workers") who work or have worked for Defendant.

3. Defendant failed to pay Plaintiff and Retail Workers minimum wages and agreed upon wages. Specifically, Defendant paid Plaintiff and Retail Workers an hourly wage that was below the New York State minimum wage.

4. Defendant further required Plaintiff to clock in and out using Defendant's

computerized timekeeping system for each break. Plaintiff was required to clock out for breaks under 20 minutes in length. Plaintiff was not paid for these breaks, in violation of the FLSA and the NYLL.

5. Upon information and belief, Defendant similarly failed to provide Plaintiff and all other similarly situated Retail Workers with any wage notices at her time of hire pursuant to NYLL § 195(1).

6. Defendant failed to provide Plaintiff and similarly situated Retail Workers with an accurate statement of wages pursuant to NYLL § 195(3), as the paystubs provided failed to notate Plaintiff's and similarly situated Retail Workers' correct number of hours they worked, correct number of hours for which they were owed compensation, correct minimum wage, and/or correct pay they should have received.

7. Plaintiff and Retail Workers rely on their wage notices and wage statements to ensure that employers have paid them the correctly for the hours they worked.

8. Due to Defendant's failure to provide Plaintiff and Retail Workers' with wage notices reflecting the correct information, and wage statements with the correct hours, correct minimum wage, and correct earned compensation, Plaintiff and Retail Workers were un-informed about the correct wages they were supposed to have earned, and thus they were deprived of the information necessary for reviewing their wages, which was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid.

9. Defendant's failure to provide wage notices and accurate wage statements allowed Defendant to continue their unlawful wage and hour scheme without Plaintiff's or similarly situated Retail Workers' awareness that they were being underpaid.

10. Defendant's failure to provide any wage notices or accurate wage statements

allowed Defendant to continue their unlawful wage and hour scheme without Plaintiff's and Retail Workers' awareness that they were being underpaid.

11. Had Plaintiff and Retail Workers been able to see that they were not being lawfully paid via their wage notices and wage statements, they would have been able to avoid underpayment of their wages. *See Guthrie v. Rainbow Fencing LLC*, 113 F.4th 300, 308 (2d Cir. 2024) (plaintiff establishes concrete harm if plaintiff can show she "would have avoided some actual harm or obtained some actual benefit if accurate [statements] had been provided"); *see also Van Duser v. Tozzer Ltd.*, No. 23 Civ. 9329 (AS), 2024 WL 4635495, at *5 (S.D.N.Y. Oct. 31, 2024).

12. Plaintiff's inability to crosscheck their wage notices and wage statements constitutes concrete harm.

13. Accordingly, Plaintiff and Retail Workers are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide accurate wage notices, up to a total of five thousand dollars each pursuant to NYLL §§ 195(1); 198(1-b).

14. Furthermore, Plaintiff and Retail Workers are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide accurate wage statements, up to a total of five thousand dollars each pursuant to NYLL §§ 195(3); 198(1-d).

15. This lawsuit also seeks to recover unpaid schedule change premiums and other damages for Plaintiff and Retail Workers who work or have worked for Defendant in New York City.

16. New York City passed the Fair Workweek Law to require Retail Employers to provide their employees with predictable schedules with advance notice.

17. Plaintiff brings this action on behalf of herself and all other similarly situated Retail Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy

violations of the NYLL.

18. Plaintiff also brings this action on behalf of herself and all other similarly situated Retail Workers in New York City pursuant to Rule 23 to remedy violations of the Fair Workweek Law.

## THE PARTIES

**Plaintiff**

19. Kiasia Burrell ("Plaintiff") is an adult individual who is a resident of the State of New York.

20. Plaintiff was employed by Defendant as a Retail Worker from in or around September 2025 until the present in Manhattan.

21. Plaintiff is a covered employee within the meaning of the FLSA, the NYLL, and the Fair Workweek Law.

**Defendant**

22. Defendant has employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

23. Defendant has had a substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

24. Upon information and belief, Defendant is a foreign business corporation organized and existing under the laws of Texas.

25. Defendant's principal executive office is located at 8400 Belleview Drive, Suite 255, Plano, TX 75024.

26. Defendant was, and is, a covered employer within the meaning of the NYLL and the Fair Workweek Law, and at all times relevant, employed Plaintiff and similarly situated

employees.

27. Defendant is a "retail employer" as defined by the Fair Workweek Law because it primarily sells consumer goods and employs 20 or more workers in New York City.

28. Defendant has maintained control, oversight, and direction over Plaintiff and Retail Workers, including timekeeping, payroll, and other employment practices that applied to them.

29. Defendant applies the same employment policies, practices, and procedures to all Retail Workers in its operation, including policies, practices, and procedures with respect to scheduling.

30. Defendant has had an annual gross volume of sales in excess of $500,000.

31. Defendant has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

32. In this regard, employees for Defendant regularly handled goods in interstate commerce, including, but not limited to retail products from Ty, Freshcut, Lego, Wild Onez, and Wishpet, and other supplies produced outside the State of New York.[1]

**JURISDICTION AND VENUE**

33. The damages sought for Plaintiff individually, inclusive of attorneys' fees, are in excess of $75,000.

34. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

35. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

---

[1] *See* Lori's Gifts, Shop By, https://www.hospitalgiftshop.com/SearchResult.aspx?CategoryId=201.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings the First, Second, and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked for Defendant in non-exempt positions in New York State between the date six years preceding the filing of this Class Action Complaint, or longer if tolled by executive order or other matters, and the date of final judgment in this matter (the "NYLL Class").

37. Plaintiff brings the Fourth and Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Retail Workers for Defendant in New York City between the date two years preceding the filing of this Class Action Complaint, or longer if tolled by executive order or other matters, and the date of final judgment in this matter (the "FWWL Class").

38. The NYLL Class and the FWWL Class (collectively, the "Class") are each so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size of each Class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the Class are not known.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. Plaintiff has identified several causes of action applicable to the NYLL Class and the FWWL Class, including, but not necessarily limited to, Defendants': (a) failure to compensate the Class for all hours worked, including unpaid breaks under 20 minutes; (b) failure to provide

the Class with accurate wage statements accompanying each payment of wages; (c) failure to provide the Class with a wage notice at or before their times of hire; (d) failure to provide schedules more than 72 hours before the first day of each schedule; and (e) failure to pay schedule change premiums for schedule changes less than 72 hours from the scheduled shift.

41. There is no conflict between Plaintiff and any other member of the Classes.

42. Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting Plaintiff and/or each member of the NYLL Class individually and include, but are not limited to, the following:

(a) whether Defendant failed to pay Plaintiff and the NYLL Class minimum wages for all of the hours they worked;

(b) whether Plaintiff and Class Plaintiffs worked hours for which they were not compensated

(c) whether Defendant failed to provide proper time of hire notices to Plaintiff and the NYLL Class;

(d) whether Defendant failed to provide accurate wage statements to Plaintiff and the NYLL Class accompanying each payment of wages;

(e) whether Defendant failed to pay Plaintiff and the NYLL Class for breaks under 20 minutes in length; and

(f) whether Defendant impermissibly rounded the amount of hours worked for Plaintiff and the Class.

43. Common questions of law and fact exist as to the FWWL Class that predominate over any questions only affecting Plaintiff and/or each member of the FWWL Class individually and include, but are not limited to, the following:

(a) whether Defendant changed schedules of Plaintiff and the FWWL Class with less than 72 hours notice;

(b) whether Defendant cancelled shifts of Plaintiff and the FWWL Class with less than 72 hours notice;

(c) whether Defendant provided Plaintiff and the FWWL Class with written notice of their work schedules at least 72 hours before the first day of each schedule;

(d) whether Defendant maintained records of schedules for Plaintiff and the FWWL Class and the date that they were posted; and

(e) whether Defendant paid Plaintiff and the FWWL Class any additional amount for schedule changes.

44. The Plaintiff's claims are typical of the claims of the classes she seeks to represent. Plaintiff and all of the Class work, or have worked, in the State of New York for Defendant.

45. Plaintiff and the Class were all subject to Defendant's policies and willful practices of failing to pay employees all earned wages, and thus, Plaintiff and the Class have sustained similar injuries as a result of Defendants' actions.

46. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and all procedures to non-exempt hourly employees who work at Defendant's locations in New York State.

47. Plaintiff and the FWWL Class were not covered by any collective bargaining agreements.

48. Plaintiff and the members of each the NYLL Class and the FWWL Class have all been injured due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in each the NYLL Class and the FWWL Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the NYLL Class and the FWWL Class.

49. Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the Class just as they

would represent and consider her own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

50. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

51. Plaintiff and her counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

53. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## PLAINTIFF'S FACTUAL ALLEGATIONS

54. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

55. Plaintiff was employed at Defendant's retail store located in New York, New York as an hourly-paid retail employee from approximately September 2025 until present.

56. Throughout her employment, Plaintiff's was always paid an hourly rate of $15.50 per hour.

57. The minimum wage for an hourly paid employee in New York City was $16.50 per hour at all times during Plaintiff's employment.

58. Upon information and belief, Defendant failed to furnish Plaintiff with a wage notice at her time of hire or any time thereafter, as required by the NYLL.

59. Due to Defendant's failure to provide Plaintiff with a wage notice, Plaintiff was misinformed and/or un-informed about her actual wages earned and was thus deprived of the information necessary to review her wages earned, which was a direct cause for her economic injury, and in fact, resulted in her wages being underpaid.

60. Defendant regularly failed to provide Plaintiff with a written work schedule at least 72 hours before the first day of each schedule.

61. Defendant regularly failed to provide Plaintiff with a written work schedule electronically at least 72 hours before the first day of each schedule.

62. Defendant never posted the "YOU HAVE A RIGHT TO A PREDICTABLE WORK SCHEDULE" notice, published by the New York City Department of Consumer and Worker Protection, in a conspicuous location where employees can easily see it.

63. When Defendant added time to or reduced time from Plaintiff's work schedule with

less than 72 hours advance notice – or no advance notice at all – it did not give Plaintiff an opportunity to decline to work the additional time.

64. During Plaintiff's employment, Defendant regularly changed Plaintiff's schedule with less than 72 hours notice and failed to pay her any additional amount for those changes.

65. When Plaintiff worked times that deviated from her scheduled shift, Defendant never received Plaintiff's written consent for the changes.

66. Moreover, Defendant failed to furnish Plaintiff with accurate statements of wages with each payment of wages as required by the NYLL. In this regard, the wage statements provided to Plaintiff failed to account for all of her hours worked and for other owed wages, such as minimum wage, and schedule change premiums.

67. Due to Defendant's failure to provide Plaintiff's with wage notices or accurate wage statements, Plaintiff was misinformed and/or un-informed about her actual wages earned, and was thus deprived of the information necessary to review her wages earned, which was a direct cause for her economic injury, and in fact, resulted in her wages being underpaid

68. Consistent with Defendant's policies and patterns or practices, Plaintiff and the NYLL Class were not paid all wages owed as Plaintiff and the NYLL Class were required to clock out for breaks under 20 minutes in length and were not paid for these breaks.

69. All of the work that Plaintiff and the NYLL Class have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the NYLL Class.

## FIRST CAUSE OF ACTION
**New York Labor Law – Minimum Wages**
**(Brought on behalf of Plaintiff and the NYLL Class)**

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. At all times relevant, Plaintiff and the NYLL Class have been employees of Defendant, and Defendant has been an employer of Plaintiff and the NYLL Class within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

72. Defendant failed to pay Plaintiff and the NYLL Class for all hours worked at the minimum hourly wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

73. Defendant "shaved" Plaintiff's' and the NYLL Class's time by deducting for breaks under 20 minutes in length.

74. Defendant further "shaved" Plaintiff's' and the NYLL Class's time by impermissibly rounding down their time worked.

75. Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendant has been required to pay Plaintiff and

> (a) members of the NYLL Class that worked in New York City the full minimum wage at a rate of (a) $13.00 per hour on and after December 31, 2017; $15.00 per hour on and after December 31, 2018; $16.00 per hour on and after December 31, 2024; and $16.50 per hour on and after January 1, 2025;
>
> (b) members of the NYLL Class that worked in Nassau, Suffolk, and Westchester counties the full minimum wage at a rate of $11.00 per hour on and after December 31, 2017; $12.00 per hour on and after December 31, 2018; $13.00 per hour on and after December 31, 2019; $14.00 per hour on and after December 31, 2020; $15.00 per hour on and after December 31, 2021; 16.00 per hour on and after December 31, 2024; and $16.50 per hour on and after January 1, 2025; and
>
> (c) members of the NYLL Class that worked outside of New York City, Nassau, Suffolk, and Westchester counties the full minimum wage at a rate of $10.40 per hour on and after December 31, 2017; $11.10 per hour on and after December 31, 2018; $11.80 per hour on and after December 31, 2019;

> $12.50 per hour on and after December 31, 2020; $15.00 per hour on and after December 31, 2021; 15.00 per hour on and after December 31, 2024; and $15.50 per hour on and after January 1, 2025.

76. Due to Defendant's violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SECOND CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Time of Hire Wage Notice**
**(Brought on behalf of Plaintiff and the NYLL Class)**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendant has failed to supply Plaintiff and the NYLL Class with proper time of hire wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring and at subsequent wage changes, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

79. Defendant failed to provide any wage notices to Plaintiff and the NYLL Class.

80. As a result, Plaintiff and Retail Workers were un-informed about the correct wages they were supposed to earn, and thus they were deprived of the information necessary for

reviewing their wages, which was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid.

81. Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the NYLL Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the NYLL Class)**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendant failed to supply Plaintiff and the NYLL Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

84. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the NYLL Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

**<u>FOURTH CAUSE OF ACTION</u>**
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiff and the FWWL Class)**

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendant is required to provide employees with written notice of their work schedules at least 72 hours before the first day of each schedule. N.Y.C. Admin. Code § 20-1252(a).

87. Defendant is also required to maintain records of each written schedule provided to each employee. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

88. Defendant committed a violation of § 20-1251(a)-(b) of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 72 hours in advance.

89. Due to Defendant's violations of the Fair Workweek Law, §§ 20-1252(a); 20-1251(a)-(b) Plaintiff and the FWWL Class have been deprived of a regular work schedule and are entitled to recover from Defendant damages and any other relief required to make the employees whole, and reasonable attorneys' fees and costs.

**<u>FIFTH CAUSE OF ACTION</u>**
**Fair Workweek Law**
**Failure to Obtain Written Consent for Additional Hours**
**(Brought on behalf of Plaintiff and the FWWL Class)**

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendant is required to obtain written consent from retail employees who work additional hours that are not included in their regular work schedules. N.Y.C. Admin. Code § 20-1251(a).

92. Defendant is required to pay retail employees whose schedules are changed by more than 15 minutes without 72 hours or more notice an additional amount as a schedule change premium. N.Y.C. Admin. Code § 20- 1251-1252.

93. Defendant is required to maintain records that show retail employees' advance written consent to any schedule changes in which hours are added to the retail employee's initial work schedule with less than 72 hours notice.

94. A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

95. Defendant committed a unique violation of the Fair Workweek Law each time it failed to obtain a retail employee's advance written consent for hours added to the initial work schedule.

96. Defendant committed a unique violation of the Fair Workweek Law each time it shortened or cancelled a shift by more than 15 minutes with less than 72 hours notice.

97. Due to Defendant's violations of the Fair Workweek Law, Plaintiff and the FWWL Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

98. Defendant is required to provide employees with premium pay for changes it makes to employees' work schedules any time after the 72 hour statutory schedule provision date. N.Y.C.

Admin. Code § 20-1251(a).

99. Due to Defendant's violations of the Fair Workweek Law, Plaintiff and the FWWL Class are entitled to recover from Defendant's $300 for each schedule change made less than 72 hours prior to the start of the shift as well as any other damages or relief required to remedy the harm to Plaintiff and the FWWL Class, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NYLL Class and the FWWL Class and counsel of record as Class Counsel;

C. Unpaid minimum wages, agreed upon wages, overtime compensation, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

D. Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff and the NYLL Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

E. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the NYLL Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

F. Unpaid schedule change premiums of $300 for each schedule change made less than 72 hours prior to the start of the shift;

G. Compensatory damages, liquidated and punitive damages, and any other relief required to make Retail Workers whole;

H. Penalties, as provided by law;

I. Pre-judgment and post-judgement interest, as provided by law; and

J. Reasonable attorneys' fees and costs of the action;

K. Damages sought for Plaintiff individually, inclusive of attorneys' fees, are in excess of $75,000; and

L. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
November 24, 2025

James Bouklas, Esq.
Bouklas Gaylord LLP
357 Veterans Memorial Highway
Commack, NY 11725
Phone: (516) 742-4949
james@bglawny.com

*Attorneys for Plaintiff*
*and the Putative Class*